IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS S. CHILDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2131-L-BN |
| | § | |
| SENTE MORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. Based on the undersigned's initial review of the Plaintiff Thomas A. Childs's *pro se* complaint and his verified response to the Court's screening questionnaire, *see* Dkt. Nos. 3, 7, & 8, the Court issued an order concerning an apparent lack of subject-matter jurisdiction, *see* Dkt. No. 9. After considering Childs's response, *see* Dkt. No. 10, the undersigned issues the following findings of fact, conclusions of law, and recommendation that for the reasons explained below the Court should dismiss this action without prejudice for lack of subject-matter jurisdiction.

**Applicable Background**

Childs, a resident of Dallas, brings this action against Defendant Sente Mortgage, Inc., alleged to be a corporate citizen of Texas. *See, e.g.,* Dkt. No. 3 at 2

(providing that Sente's CEO may be served with process at an address in Austin, Texas). Childs claims that he was terminated in violation of the whistleblower protections in the Consumer Financial Protection Act of 2010, Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5567 *et seq*. (the "CFPA claim") and also brings a state-law claim for breach of contract. *See* Dkt. No. 3. He therefore invokes the Court's federal-question jurisdiction. *See id.* at 1 & 7.

The Court has granted Childs leave to proceed *in forma pauperis*, *see* Dkt. No. 5, and a screening questionnaire was issued, *see* Dkt. No. 7.

In a verified response to the Court's questionnaire, Childs provided filings from the administrative proceeding as to the CFPA claim. *See* Dkt. No. 8 at 8-57. That administrative record reflects: (1) that Childs was terminated on September 25, 2012, *see id.* at 10; (2) that he filed his complaint with the Secretary of Labor (the "Secretary") on March 12, 2013, *see id.* at 7-11; (3) that the Secretary issued a written determination finding that the complaint should be dismissed on August 14, 2013, *see id.* at 12-15; (4) that Childs pursued an administrative appeal of that finding, *see id.* at 16-57; and (5) that the Secretary's Final Decision and Order, affirming the dismissal of Childs's complaint, rendered by a panel of the Administrative Review Board ("ARB"), was sent to Childs on October 29, 2015, *see id.* at 51-57.

## Legal Standards

Federal courts have an independent duty to examine their own subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case

if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Childs chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if Childs does not, his lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706

F.2d 633, 636 & n.2 (5th Cir. 1983)).

## Analysis

Because Childs fails to allege complete diversity, the Court must examine the CFPA claim to determine whether jurisdiction exists under Section 1331.

As to that claim, the United States District Court of the Southern District of Ohio has comprehensively set out the procedures for prosecuting such a claim, including how a complainant may obtain *de novo* review in a federal district court:

> The CFPA provides that a covered service provider cannot terminate or otherwise discriminate against a covered employee who has objected to or refused to participate in an activity or practice the employee reasonably believed to be in violation of the law. 12 U.S.C. § 5567(a)(4); *see also* 29 C.F.R. § 1985.102(a). An employee who believes he has been terminated from employment or discriminated against in violation of § 5567(a)(4) can file an administrative complaint within 180 days of the violation with the Secretary of Labor. 12 U.S.C. § 5567(c)(1)(A); *see also* 29 C.F.R. § 1985.103. The Secretary of Labor then provides both the complainant and the respondent with notice and an opportunity to be heard. 12 U.S.C. § 5567(c)(1)(B); *see also* 29 C.F.R. § 1985.104. Next, within 60 days of the receipt of the administrative complaint, the Secretary of Labor must provide a written determination of whether there is reasonable cause to believe that the administrative complaint has merit. 12 U.S.C. § 5567(c)(2)(A)(ii); *see also* 29 C.F.R. § 1985.105 (authorizing the Assistant Secretary of Labor to issue the written determination).
>
> Within 30 days after the date of the receipt of the written determination, the complainant or the respondent can file objections to the findings or preliminary order, or both, and request a hearing on the record. 12 U.S.C. § 5567(c)(2)(C); *see also* 29 C.F.R. §§ 1985.105(c) & 1985.106(a). "Any such hearing shall be conducted expeditiously, and if a hearing is not requested in such 30-day period, the preliminary order shall be deemed a final order that is not subject to a judicial review." 12 U.S.C. § 5567(c)(2)(C). The regulations further specify that "[a]ny party who desires review, including judicial review, of the findings and/or preliminary order ... must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and

>preliminary order pursuant to 29 C.F.R. § 1985.105." 29 C.F.R. § 1985.106(a). The regulations echo the statute in providing that the findings or preliminary order will become a final decision not subject to judicial review if timely objections are not made. 29 C.F.R. § 1985.106(b). If a hearing is requested, the hearing will be held before an administrative law judge. 29 C.F.R. § 1985.107.
>
>If a hearing is held, the Secretary of Labor must issue a final order providing relief or denying the administrative complaint within 120 after the conclusion of the hearing. 12 U.S.C. § 5567(c)(4)(A). A complainant or respondent adversely affected or aggrieved by a final order may file a petition for judicial review with the appropriate federal court of appeals. 12 U.S.C. § 5567(c)(4)(E); 29 C.F.R. § 1985.112.
>
>The CFPA also provides for a *de novo* review in the appropriate federal district court in limited circumstances under a subsection titled "Failure of the Secretary to Act." 12 U.S.C. § 5567(c)(4)(D)(i). This subsection provides as follows:
>
>>If the Secretary of Labor has not issued a final order within 210 days after the date of filing of a complaint under this subsection, or within 90 days after the date of receipt of a written determination, the complainant may bring an action at law or equity for *de novo* review in the appropriate district court of the United States having jurisdiction, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.
>
>*Id.*; *see also* 29 C.F.R. § 1985.114.

*Wimmer v. Gateway Funding Diversified Mortgage Servs., L.P.*, No. 1:15-cv-241, 2015 WL 5453058, at *3-*4 (S.D. Ohio Sept. 17, 2015).

Because, like Wimmer, Childs has brought his action in a district court – not in the United States Court of Appeals for the Fifth Circuit – he is seeking *de novo* review under Section 5567(c)(4)(D)(i), an understanding Childs confirmed in his response to the Court's order concerning subject-matter jurisdiction. *See* Dkt. No. 10 at 2 ("Plaintiff

is seeking *de novo* review in the appropriate federal district court based in part on the fact that the investigation and subsequent hearing (a glorified investigation) had been uncharted waters for OSHA and OALJ.").

Pertinent to such a review, the administrative record that Childs has submitted reflects that he filed his complaint on March 12, 2013, *see* Dkt. No. 8 at 7-11, and that a written determination was made on August 14, 2013, *see id.* at 12-15 – some 155 days later. Instead of pursuing *de novo* review within 90 days after the date he received that determination, Childs continued through the administrative process, and, after appealing the ALJ's decision to the ARB, he ultimately obtained a final order on October 29, 2015. *See* Dkt. No. 8 at 51-57.

This action seeking *de novo* review in a federal district court was filed some 268 days after the ARB decision (and more than 1,000 days after the date of the written determination).

> In *Wimmer*, the plaintiff argued
>
> that he had the right to bring a direct action for *de novo* review on April 10, 2015 in [federal district court] because (1) it was within 90 days after his attorney received the initial and amended findings on March 9 and March 12, 2015, (2) there had been no "final decision" of the Secretary of Labor because less than thirty days had passed since Wimmer's attorney received the amended findings on March 12, 2015, and (3) more than 210 days had passed since he filed his administrative complaint.

2015 WL 5453058, at *4. And the court agreed: "Wimmer filed the administrative complaint on June 19, 2014. It is undisputed that the Secretary of Labor had not issued written findings nor a final decision by January 15, 2015 (210 days after June 19, 2014). The Secretary of Labor's failure to act in a timely manner triggered Wimmer's

right to seek *de novo* review in this Court." *Id.*

In contrast to *Wimmer*, here, the Secretary issued written findings less than 210 days after the administrative complaint was filed, *see* Dkt. No. 8 at 7-15, and Childs failed to file this action seeking *de novo* seeking "within 90 days after the date of receipt of a written determination," 12 U.S.C. § 5567(c)(4)(D)(I).

In starker contrast to *Wimmer*, there, the Secretary had not issued a final order before the action was filed in the district court; but, here, the action was filed some 268 days after a final order was issued. *See* 2015 WL 5453058, at *4 (Wimmer's failure "to file objections and request an administrative hearing within 30 days of receipt of the initial and amended findings ... precluded him from seeking judicial review in the Sixth Circuit Court of Appeals pursuant to 12 U.S.C. § 5567(c)(4)(E)," but "[i]t did not prevent [Wimmer] from seeking *de novo* review in [the district court] on April 10, 2015 after more than 210 days had passed from the date the administrative complaint was filed *without the issuance of a final decision*." (emphasis added)).

Where the Secretary's final order was issued more than 200 days before the filing of an action seeking *de novo* review, the undersigned cannot find that Childs meets the "limited circumstances" under which he may seek such review under the CFPA's "subsection titled 'Failure of the Secretary to Act.' 12 U.S.C. § 5567(c)(4)(D)(i)," *Wimmer*, 2015 WL 5453058, at *3, because Childs failed to file this action "within 90 days after the date of receipt of [the] written determination," 12 U.S.C. § 5567(c)(4)(D)(i).

Through his response to the Court's order regarding subject-matter jurisdiction,

Childs appears to make an argument that the requirements for bringing a *de novo* action under the CFPA should be waived or at least relaxed, claiming that he was misled during the administrative action:

> Clearly, the Defendant not only actively misled the Plaintiff, but the Defendant's acts and omissions lulled the Plaintiff into foregoing prompt attempts to vindicate his rights while proceeding *pro se* in district court. Additionally, the Defendant methodically set out to deceive OSHA and the OALJ during the investigation and hearing. Plaintiff raised the issue of a *de novo* review to the OALJ prior to filing, and had been told by a department head that no other legal remedy was known or available. Consequently, the Plaintiff had been lulled by the wide range of jurisdiction the DOL has, the lack of proper guidance the DOL provides for any involvement of a district court in the filing of a complaint for *de novo* review (before or after a hearing), and also by the complexity and ever-changing dynamics of the Dodd-Frank Act.

Dkt. No. 10 at 4-5.

As the above-mentioned 90-day requirement is a temporal barrier to seeking *de novo* review in a federal district court, Childs's argument is similar to requesting that a limitations period be equitably tolled.

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

First, the pronounced delay from receipt of the final order to Childs's filing of this action does not demonstrate diligence. And where a government agency does not "actually prevent" a party "from filing suit," a party's "mistaken reliance" on the representations of that agency "is not an extraordinary circumstance." *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

For these reasons, the Court cannot consider Childs's CFPA claim. And the lack of a federal cause of action where, like here, complete diversity is also missing demonstrates that the Court lacks subject-matter jurisdiction over Childs's lawsuit.

### Recommendation

The Court should dismiss this action without prejudice for lack of subject-matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 23, 2016

                                                    DAVID L. HORAN
                                                    UNITED STATES MAGISTRATE JUDGE